DAVID P. BRANFMAN, Cal Bar No. 084295
BRANFMAN LAW GROUP, P.C.
708 Civic Center Drive
Oceanside, California 92054
Telephone: 760-637-2400
Facsimile: 760-687-7421
Email: dbranfman@branfman.com

Attorneys for Defendant, SHANE PERKINGS

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIBERTY MEDIA HOLDINGS, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> SHANE PERKINS, <br><br> Defendant. | Case No. 11 CV 0654 AJB JMA <br><br> **DEFENDANT SHANE PERKINS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT** <br><br> Date: June 24, 2011 <br> Time: 1:30 pm <br> Courtroom 12 <br> Honorable Anthony J. Battaglia <br><br> **NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |

**INTRODUCTION**

Defendant Shane Perkins ("Perkins") hereby moves for dismissal of this action pursuant to Rules 12(b)(2), (3), (5) and (6) of the Federal Rules of Civil Procedure. In the alternative, Defendant Perkins requests that this Court transfer venue to the District of Minnesota, Perkins's state of residence.

-1-

Plaintiff Liberty Media Holdings brings this Copyright action in the Southern District of California on the theory that Perkins "aimed his tortious acts toward this district" and that he contractually consented to jurisdiction. (See Complaint ¶ 3). Perkins denies committing any such tortious acts directed towards this district and denies consenting to jurisdiction.

In addition to the Complaint's jurisdictional defects, Plaintiff has not plead sufficient facts to demonstrate that any alleged infringement occurred within the statute of limitations or that it would be entitled to statutory damages under the Copyright Act. Plaintiff's Complaint was not properly served upon Perkins and therefore Plaintiff's Complaint should therefore be dismissed with prejudice.

## I. PLAINTIFF'S COMPLAINT MUST BE DISMISSED PURSUANT TO FRCP 12(B)(2) AS THIS COURT DOES NOT HAVE JURSIDICTION OVER A MINNESOTA RESIDENT

Plaintiff has improperly alleged that personal jurisdiction exists over Perkins and has not demonstrated that Perkins has the required minimum contacts with the jurisdiction. It is Plaintiff's burden to demonstrate that the court has jurisdiction over a defendant. *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1127 (9th Cir. 2010). Plaintiff alleges no facts to indicate that Perkins, a Minnesota resident would subject to personal jurisdiction within this district.

The Ninth Circuit uses a three pronged test to determine whether personal jurisdiction over a non-resident defendant is appropriate:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

1  *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) (citing *Lake v. Lake*,
2  817 F.2d 1416, 1421 (9th Cir. 1997). Here, there are no factual allegations that Perkins directed any
3  activity at the Southern District of California, nor does it allege any connection between alleged
4  infringement and other forum related activities. Additionally, it would be unreasonable to call a
5  Minnesota resident to defend a case in this district.

6       **A.**     **Perkins Has Not Purposefully Directed Any Activity at This District**

7       Plaintiff's Complaint does not indicate how Defendant would have directed any activity
8  toward the Southern District of California. The Complaint generally alleges that Perkins committed
9  acts within the district or aimed tortious acts at the district (see Complaint ¶ 3), but makes no
10 mention of where any infringement took place and does not allege that any copies were created or
11 distributed within this district. Defendant lives in Minnesota has no business or property within this
12 district. (See Perkins Decl. attached hereto and incorporated by this reference as though fully set
13 forth herein).

14      A defendant "purposefully directs" activity at a forum state when he: (1) commits an
15 intentional act, that is (2) expressly aimed at the forum state, and that (3) causes harm that he knows
16 is likely to be suffered in that jurisdiction. *Schwarzenegger* at 803 (citing *Calder v. Jones*, 465 U.S.
17 783 (1984)). It is not sufficient that effects were forseeable within the forum state; he must do
18 "something more." *Id.* at 805. Plaintiff's Complaint alleges nothing more than potential harm
19 suffered by Plaintiff, but no indication of the "something more" required. There is no hint of
20 anything Perkins may have done that was expressly aimed at this forum. This is inadequate to
21 demonstrate that the Southern District of California is an appropriate forum or that personal
22 jurisdiction is proper. Therefore, Plaintiff's Complaint should be dismissed.

24      **B.**     **Plaintiff Does Not Allege Any Relationship Between Alleged Infringement and Any Other Forum Activities.**

26      Plaintiff's Complaint does not indicate how any infringement may have taken place or how
27 any activities would have been directed at the forum, but alleges in the alternative that Perkins
28 agreed to jurisdiction and venue (Complaint ¶ 3). However, it does not allege how such an

-------------------------------------------------------------------- 3 --------------------------------------------------------------------

Defendant's Motion to Dismiss

Case No. 11-cv-0654 AJB (JMA)

agreement was formed. Even assuming it was through terms posted on one of Plaintiff's websites, Plaintiff's Complaint makes admissions that demonstrate that terms of service would not subject Perkins to jurisdiction in this District. Plaintiff's own allegations make it clear that the alleged infringement is of a DVD-only film which could not result from use of the website. (See Complaint ¶ 8). Because Plaintiff fails to demonstrate that any such contract was formed and if formed, how it would relate to any alleged infringement, there is no evidence of personal jurisdiction.

Even if a contract was formed between Plaintiff and Defendant, the existence of a contract alone is not sufficient to establish jurisdiction. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478 (1985) ("If the question is whether an individual's contract with an out-of-state party *alone* can automatically establish sufficient minimum contacts in the other party's home forum, we believe the answer clearly is that it cannot"). Because the alleged infringement could not have occurred through the use of the website, even if Plaintiff's allegations that Perkins agreed to terms are true, the alleged infringement would not have related to any forum related activities. Plaintiff has not shown how personal jurisdiction is proper and the Complaint should be dismissed.

### C. Exercising Personal Jurisdiction Here Would Not Be Reasonable and Would Violate Perkins's Due Process Rights

California's long-arm statute extends the exercise of personal jurisdiction to the limits of due process. *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir.2003) (citing Cal.Code Civ. Pro. § 410.10). For due process to be satisfied, a defendant must have "minimum contacts" with the forum state such that the assertion of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir.2006) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 315, 66 S.Ct. 154, 90 L.Ed. 95 (1945)). Here, Perkins has no contacts with the Southern District of California, let alone the minimum contacts required to satisfy due process.

The Ninth Circuit has rejected claims of personal jurisdiction predicated upon Internet contacts or limited transactions through the Internet. *See Boschetto v. Hansing*, 539 F.3d 1011, (9th Cir. 2008) (eBay terms of service with California forum selection clause and one sale to a California resident did not create personal jurisdiction within California); *Cybersell, Inc. v.*

1  *Cybersell, Inc.*, 130 F.3d 414 (9th Cir. 1997) (personal jurisdiction is not established by hosting a
2  website accessible within the district); Here, even if Plaintiff's allegations are true, there is no
3  evidence of the kind of activity directed at the forum to create personal jurisdiction. Rather, it
4  would seem as though the Southern District of California was chosen for mere preference or
5  convenience to the Plaintiff. To call a Minnesota Defendant to appear in a California court without
6  something more than mere assertions of generalized harm do not create the minimum contacts with
7  the Southern District of California necessary for Plaintiff's lawsuit to proceed.

## II. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED OR TRANSFERRED BECAUSE VENUE IS IMPROPER

Perkins is a resident of Minnesota and therefore venue in the Southern District of California is improper. Plaintiff's Complaint should therefore be dismissed or transferred to another court where venue is proper. *See* 28 U.S.C. § 1406(a).

Alternatively, Perkins would request that this Court transfer this case pursuant to 28 U.S.C. § 1404. "Section is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org. Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964). Perkins lives in Minnesota and does not have any connection with the Southern District of California. Furthermore, Plaintiff's allegations do not indicate why it would be unfair for a California company who presumably distributes its films nationwide to bring its lawsuits where any alleged infringement took place. Because it would be both inconvenient and unfair to require a Minnesota resident with no connections to the Southern District of California to defend a lawsuit in that district, this case - if not dismissed - should be transferred to a forum more convenient to Defendant Perkins.

## III. PLAINTIFF HAS FAILED TO PROPERLY SERVE DEFENDANT AND THEREFORE THE COMPLAINT SHOULD BE DISMISSED

Service is improper as Perkins is a resident of Minnesota (see Perkins Decl.) and service was allegedly performed in Minnesota which is outside the territorial limits as allowed under FRCP

4(k). Rule 4(k) allows service only within 100 miles of the forum unless a statute provides otherwise. As the Copyright Act does not provide for service nationwide and Perkins is not otherwise subject to personal jurisdiction in California, Plaintiff has failed to serve properly serve Perkins and therefore Plaintiff's Complaint should be dismissed pursuant to FRCP 12(b)(5).

### IV. PLAINTIFF HAS NOT ALLEGED SUFFICIENT FACTS TO SHOW THAT THE STATUTE OF LIMITATIONS HAS NOT PASSED OR THAT STATUTORY DAMAGES ARE AVAILABLE

Plaintiff's Complaint fails to allege when any infringement may have occurred and for that reason Plaintiff has failed to demonstrate that this lawsuit is timely filed and not barred by the statute of limitations under 17 U.S.C. § 507(b). Plaintiff has requested statutory damages be awarded under 17 U.S.C. § 504(c) but fails to allege that any infringement occurred after the effective date of the copyright registration as required by section 504 to recover statutory damages. Because Plaintiff has failed to plead sufficient facts to demonstrate that it filed this action within the statute of limitations or that the damages it seeks are available, Plaintiff's Complaint fails to state a claim upon which relief maybe granted and must be dismissed pursuant to FRCP 12(b)(6). 18 U.S.C. §§ 1030(g) and 2707 as well as 17 U.S.C. § 507(b).

### CONCLUSION

For the foregoing reasons, Shane Perkins respectfully requests that this Court dismiss Plaintiff's Complaint. In the alternative, Perkins requests that this Court transfer this case to the

///

///

1 | District of Minnesota.

3 | Dated: April 21, 2011            BRANFMAN LAW GROUP, P.C.

6 |                                  By: /s David P. Branfman/
7 |                                  DAVID P. BRANFMAN,
                                     Attorneys for Defendant
8 |                                  SHANE PERKINS

# CERTIFICATE OF SERVICE

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of San Diego, State of California, and am not a party to the above-entitled action.

On April 25, 2011, I filed a copy of the following document(s):

**DEFENDANT SHANE PERKINS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

By electronically filing with the Clerk of the Court suing the CM/ECF system which will send notification of such filing to the following:

Marc Randazza, Esq.  
Randazza Legal Group  
3969 Fourth Ave., Ste. 204  
San Diego, CA 92103  
Email: mjr@randazza.com  
Telephone: (888) 667-1113  
Facsimile: (305) 437-7662  

Attorneys for Plaintiff Liberty Media Holdings, LLC

Executed on April 25, 2011 at Oceanside, CA

I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

/David P. Branfman, Esq./

_____

David P. Branfman, Esq.